# EXHIBIT A

Home
Case Search
Create Filing
Filings

# MONTANA COURTS E-FILING

Breanne Pritchett
Eric M. Brooks

## Case View - DV-56-2024-0000483-PI

### Case Information

**Court** Yellowstone County District Court

**Case Type** Civil - DV

**Case** DV-56-2024-0000483-PI

**Short Title** TJ Yzaguirrevs.Uber Technologies, Inc. et al.

**Status** Open

**Filed Date** 04-23-2024

**Judge** Pardy, Thomas

Create E-Filing

### PARTIES / PARTICIPANTS

| Role | Name | Attorney | Service Type |
|---|---|---|---|
| Defendant | Uber Technologies, Inc. | Brooks, Eric M<br>Cockrell, Dale R. | eService<br>eService |
| Defendant | Rasier, LLC | Brooks, Eric M<br>Cockrell, Dale R. | eService<br>eService |
| Defendant | Rasier-MT, LLC | Brooks, Eric M<br>Cockrell, Dale R. | eService<br>eService |
| Plaintiff | Yzaguirre, TJ | Gillespie, Ian P | eService |

1 to 4 of 4 records

### PENDING HEARINGS

| Hearing Date/Time | Hearing Type | Location |
|---|---|---|
| No records were found. | | |

FILTER

### REGISTER OF ACTIONS

| Doc Seq. | Filed Date | ROA Text | Filed By | Document |
|---|---|---|---|---|
| 8.00 | 05-24-2024 | Uber Technologies, Inc., Rasier LLC and Raiser-Mt, LLC's Answer to Second Amended Complaint (Filed By Brooks, Eric on behalf of Uber Technologies, Inc.; Rasier, LLC; Rasier-MT, LLC ) 247723 $210.00 | Eric M. Brooks | |
| 9.00 | 05-24-2024 | Uber Technologies, Inc., Rasier LLC and Raiser-Mt, LLC's Rule 7.1 Disclosure Statement (Filed By Brooks, Eric on behalf of Uber Technologies, Inc.; Rasier, LLC; Rasier-MT, LLC ) 247723 $210.00 | Eric M. Brooks | |
| 7.00 | 05-01-2024 | Summons Issued on Rasier-MT, LLC 05/01/2024 | Ian Philip Gillespie | |
| 6.00 | 05-01-2024 | Second Amended Complaint And Demand For Jury Trial. (Filed By Yzaguirre, TJ on behalf of Yzaguirre, TJ ) | Ian Philip Gillespie | |
| 5.00 | 04-24-2024 | Amended Summons Issued on Rasier, LLC 04/24/2024 | Ian Philip Gillespie | |
| 4.00 | 04-24-2024 | Amended Complaint (Filed By Yzaguirre, TJ on behalf of Yzaguirre, TJ ) | Ian Philip Gillespie | |
| 3.00 | 04-23-2024 | Summons Issued on Uber Technologies, Inc. 04/23/2024 | Ian Philip Gillespie | |

| Doc Seq. | Filed Date | ROA Text | Filed By | Document |
|---|---|---|---|---|
| 2.00 | 04-23-2024 | Summons Issued on Raiser, LLC 04/23/2024 | Ian Philip Gillespie | |
| 1.00 | 04-23-2024 | Complaint And Demand ForJury Trial. (Filed By Gillespie, Ian on behalf of Yzaguirre, TJ ) 246000 $120.00 | Ian Philip Gillespie | |
| 1 to 9 of 9 records | | | | |

C-Track™ E-Filing, developed by Thomson Reuters Court Management Solutions

List of all Process, Pleadings and Orders Served or Filed in
*TJ Yzaguirre v. Uber Technologies, Inc., Rasier, LLC, Rasier-MT, LLC, and DOES 1-5*

1. CT Corporation *Service of Process Notification* to Uber Technologies, Inc., dated May 3, 2024, including the referenced summons and second amended complaint;
2. CT Corporation *Service of Process Notification* to Rasier, LLC, dated May 3, 2024, including the referenced summons and second amended complaint;
3. CT Corporation *Service of Process Notification* to Rasier-MT, LLC, dated May 3, 2024, including the referenced summons and second amended complaint;
4. *Complaint and Demand for Jury Trial,* dated April 23, 2024 (Doc. 1);
5. *Summons – Issued (Raiser, LLC),* dated April 23, 2024 (Doc. 2);
6. *Summons - Issued (Uber Technologies, Inc.),* dated April 23, 2024 (Doc. 3);
7. *Amended Complaint and Demand for Jury Trial,* dated April 24, 2024 (Doc. 4);
8. *Amended Summons – Issued (Rasier, LLC),* dated April 24, 2024 (Doc. 5);
9. *Second Amended Complaint and Demand for Jury Trial,* dated May 1, 2024 (Doc. 6);
10. *Summons – Issued (Rasier-MT, LLC),* dated May 1, 2024 (Doc. 7);

11. *Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-MT, LLC's Answer to Second Amended Complaint and Demand for Jury Trial,* dated May 24, 2024 (Doc. 8); and

12. *Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-MT, LLC's Rule 7.1 Disclosure,* dated May 24, 2024 (Doc. 9).

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/03/2024
CT Log Number 546352683

## Service of Process Transmittal Summary

**TO:** Gabriela Lopez, Paralegal
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** **Process Served in Montana**

**FOR:** Rasier-MT, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TJ YZAGUIRRE // To: Rasier-MT, LLC |
| **DOCUMENT(S) SERVED:** | Second Amended Complaint and Demand, Summons |
| **COURT/AGENCY:** | Yellowstone County Thirteenth District Court, MT<br>Case # DV562024483PI |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 09/24/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, Missoula, MT |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/03/2024 at 14:51 |
| **JURISDICTION SERVED:** | Montana |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Ian P. Gillespie<br>DRIGGS, BILLS & DAY, P.C.<br>910 Brooks St. Ste. 103<br>Missoula, MT 59801<br>801-363-9982 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/03/2024, Expected Purge Date: 05/08/2024<br><br>Image SOP<br><br>Email Notification, Claims Lit intake@uber.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3011 American Way<br>Missoula, MT 59808<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, May 3, 2024
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | RASIER-MT, LLC |
| Case Number | DV-56-2024-483-PI |
| Jurisdiction | MT |

| Inserts | | |
|---|---|---|
| | | |

FILED
05/01/2024
Terry Halpin
CLERK
Yellowstone County District Cour
STATE OF MONTANA
By: Ronda Duncan
DV-56-2024-0000483-PI
Pardy, Thomas
6.00

Michael N. Driggs
Ian P. Gillespe
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks Street, Suite 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>**Plaintiff,**<br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br><br>**Defendants.** | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff TJ Yzaguirre, by and through Counsel, files this Complaint against Defendants Uber Technologies, Inc., Rasier, LLC , and Raiser-MT, LLC (collectively, "Defendants"), and alleges the follows:

//

## JURISDICTION AND VENUE

1) Jurisdiction is proper pursuant to MCA § 3-5-302.

2) Venue is proper pursuant to MCA § 25-2-122(1)(b).

## PARTIES

3) Plaintiff TJ Yzaguirre ("Yzaguirre") is a resident of Billings, MT. He currently resides at 4126 State Ave, Billings, MT 59101.

4) Defendant Uber Technologies, Inc. ("Defendant Uber") is a Delaware corporation, with its principal place of business in California.

5) Upon information and belief, Defendant Uber is a company authorized to conduct, and is conducting, business is Montana.

6) Defendant Rasier, LLC and Rasier-MT, LLC ("Defendants Rasier") is a wholly owned subsidiaries of Defendant Uber, are foreign corporations, with thier principal place of business in California. Defendants Rasier conducts business in Montana.

## GENERAL ALLEGATIONS: UBER/RASIER

7) Defendants operate a car service that provides drivers to customers on demand through a cell phone application, or "app," called Uber in cities around the world, including Billings, Montana.

8) The Uber app is free to download and install on a smartphone.

9) Through several forms of media, Defendants represent to passengers and the public that they subject their drivers to rigorous screening procedures prior to allowing them to drive for Defendants. Defendants state that drivers must clear several screenings.

10) Defendants also represent to customers that they continue to monitor the quality of its drivers on an ongoing basis through a rating system, and that drivers must pass an annual check to continue accessing the app.

11) Upon information and belief, Defendants have a policy relating to hiring and retaining individuals who have been charged or convicted of violent crimes and will refrain from hiring or retaining such individuals.

12) In order to drive for Defendants, drivers must use a GPS-enabled map function that Defendants build into the Uber app. Among other things, this map function does the following:

a. Shows Uber drivers real-time "heat maps" of where demand for rides is highest at a given time;

b. Shows Uber drivers the starting points of their assigned rides;

c. Shows Uber drivers the destinations of their assigned rides;

d. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow in order to pick up their assigned rides; and

e. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow from pickup to destination.

13) Scott Freeland was hired and/or retained by Defendants despite previously having pled guilty in 2021 to MCA § 45-5-206(1)(a) - Partner or Family Member Assault, Causing Bodily Injury to Partner or Family Member - for grabbing a vehicle passenger by the throat after being asked to make a U-turn while driving a vehicle.

## GENERAL ALLEGATIONS: COLLISION

14) On September 24, 2022, Scott Freeland was working for Defendants as an Uber driver.

15) Mr. Freeland had picked up a passenger from the airport to take her to a performance at Alberta Bair Theater in Billings, Montanan.

16) After arriving at the theater, Mr. Freeland parked the vehicle and assisted the passenger with unloading her bags.

17) Upon information and belief, once the passenger began to walk away, Mr. Freeland got back in his car and engaged in an altercation with another individual who approached his vehicle.

18) Upon information and belief, based on prior conflict between Mr. Freeland and this individual, the individual shot Mr. Freeland who then attempted to

drive away.

19) At approximately the same time and place, Yzaguirre was riding his bicycle southbound on 3rd Avenue North and North Broadway in Billings, Montana.

20) While driving his vehicle, Mr. Freeland lost control of his vehicle and crashed into Yzaguirre.

21) As a direct result of the impact, Yzaguirre flew to the ground and sustained severe personal injuries.

22) As a further direct result of the crash, Yzaguirre has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT ONE
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

23) Plaintiff restates each and every allegation previously contained herein.

24) Defendants had a duty to hire, train, supervise, and/or retain persons fit for duties related to business operations.

25) Defendants breached their duty and were negligent in hiring, educating, training, supervising, and retaining Freeman.

26) Based upon Mr. Freeman's prior criminal history, propensity to engage in violent behavior, and propensity to engage in otherwise unsafe driving, Defendant Uber and/or Rasier failed to adequately hire, supervise, and/or monitor Mr. Freeman in that they:

(a) Failed to exercise reasonable care and due diligence when hiring Mr. Freeman;

(b) Failed to exercise reasonable care an due diligence when determining whether they would allow Mr. Freeman to operate a vehicle on Defendants' behalf;

(c) Failed to exercise reasonable care and due diligence in retaining Mr. Freeman; and

(d) Failed to adhere to Uber and/or Rasier's hiring policies for individuals with a history of violent crimes.

27) Defendants could reasonably foresee that Mr. Freeman posed a risk to passengers, other drivers, and pedestrians when carrying out his employment with Uber.

28) The negligent hiring, supervising, and/or retaining of Mr. Freeman was the proximate cause of the injuries sustained by Yzaguirre in this action.

## COUNT TWO
## VICARIOUS LIABILITY/NEGLIGENCE

29) Yzaguirre restates each and every allegation previously contained herein.

30) Mr. Freeland was an agent of Defendants, and Defendants, as Mr. Freeland's principle, retained control over Mr. Freeland and Mr. Freeland's work for Defendants, including Mr. Freeland's driving on the date of the crash.

31) As such, Defendants are vicariously liable for Mr. Freeland's negligent acts. *See Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 51, 360 Mont. 112, 252 P.3d 182.

32) Mr. Freeland's negligent acts, for which Defendants are vicariously liable, include failing to maintain control of his vehicle, endangering the life, limb and property of Yzaguirre, failing to avoid collision with Yzaguirre, and creating the dangerous criminal situation which ultimately resulted in the collision with Yzaguirre.

33) These negligent actions were the proximate cause of the injuries sustained by Yzaguirre in this action.

## REQUEST FOR RELIEF

**WHEREFORE,** Yzaguirre prays judgment against the Defendants as follows:

1. For special damages in a sum subject to proof at trial;

2. For general and compensatory damages in a sum subject to proof at trial;

3. For pre-judgment and post-judgment interest as permitted by law;

4. For his costs incurred in this suit; and

5. For such other and further relief as the Court deems just and proper.

DATED this 1st day of May, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a right by jury.

DATED this 1st day of May, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

# Issued

Michael N. Driggs
Ian P. Gillespie
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks St. Ste. 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>Plaintiff.<br><br>v.<br><br>UBER TECHNOLOGIES, INC., and RAISER, LLC.,<br><br>Defendants. | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SUMMONS** |

THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT **UBER TECHNOLOGIES, INC.:**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiffs an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the plaintiffs or

plaintiffs' attorney, if plaintiffs are represented by an attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court.

WITNESS my hand and seal of said Court, the April 23, 2024 day of, ________, 2024.

THIRTEENTH JUDICIAL DISTRICT COURT
YELLOWSTONE COUNTY
SEAL
MONTANA

CLERK OF THE DISTRICT COURT

By: Robyn Schierholt
Deputy Clerk

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/03/2024
CT Log Number 546352729

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Gabriela Lopez, Paralegal<br>Uber Technologies, Inc.<br>950 23RD ST<br>SAN FRANCISCO, CA 94107-3401 |
| **RE:** | **Process Served in Montana** |
| **FOR:** | RASIER, LLC (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TJ YZAGUIRRE // To: RASIER, LLC |
| **DOCUMENT(S) SERVED:** | Second Amended Complaint and Demand, Amended Summons |
| **COURT/AGENCY:** | Yellowstone County Thirteenth District Court, MT<br>Case # DV562024483PI |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 09/24/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, Missoula, MT |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/03/2024 at 14:55 |
| **JURISDICTION SERVED:** | Montana |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Ian P. Gillespie<br>DRIGGS, BILLS & DAY, P.C.<br>910 Brooks St. Ste. 103<br>Missoula, MT 59801<br>801-363-9982 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/06/2024, Expected Purge Date: 05/11/2024<br><br>Image SOP<br><br>Email Notification, Claims Lit intake@uber.com<br><br>Email Notification, Sara Hernandez shernandez@uber.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3011 American Way<br>Missoula, MT 59808<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, May 3, 2024
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | Uber Technologies, Inc. |
| Case Number | DV-56-2024-483-PI |
| Jurisdiction | MT |

| Inserts | | |
|---|---|---|
| | | |

FILED
05/01/2024
Terry Halpin
CLERK
Yellowstone County District Cour
STATE OF MONTANA
By: Ronda Duncan
DV-56-2024-0000483-PI
Pardy, Thomas
6.00

Michael N. Driggs
Ian P. Gillespe
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks Street, Suite 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>**Plaintiff,**<br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br><br>**Defendants.** | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff TJ Yzaguirre, by and through Counsel, files this Complaint against Defendants Uber Technologies, Inc., Rasier, LLC , and Raiser-MT, LLC (collectively, "Defendants"), and alleges the follows:

//

## JURISDICTION AND VENUE

1) Jurisdiction is proper pursuant to MCA § 3-5-302.

2) Venue is proper pursuant to MCA § 25-2-122(1)(b).

## PARTIES

3) Plaintiff TJ Yzaguirre ("Yzaguirre") is a resident of Billings, MT. He currently resides at 4126 State Ave, Billings, MT 59101.

4) Defendant Uber Technologies, Inc. ("Defendant Uber") is a Delaware corporation, with its principal place of business in California.

5) Upon information and belief, Defendant Uber is a company authorized to conduct, and is conducting, business is Montana.

6) Defendant Rasier, LLC and Rasier-MT, LLC ("Defendants Rasier") is a wholly owned subsidiaries of Defendant Uber, are foreign corporations, with thier principal place of business in California. Defendants Rasier conducts business in Montana.

## GENERAL ALLEGATIONS: UBER/RASIER

7) Defendants operate a car service that provides drivers to customers on demand through a cell phone application, or "app," called Uber in cities around the world, including Billings, Montana.

8) The Uber app is free to download and install on a smartphone.

9) Through several forms of media, Defendants represent to passengers and the public that they subject their drivers to rigorous screening procedures prior to allowing them to drive for Defendants. Defendants state that drivers must clear several screenings.

10) Defendants also represent to customers that they continue to monitor the quality of its drivers on an ongoing basis through a rating system, and that drivers must pass an annual check to continue accessing the app.

11) Upon information and belief, Defendants have a policy relating to hiring and retaining individuals who have been charged or convicted of violent crimes and will refrain from hiring or retaining such individuals.

12) In order to drive for Defendants, drivers must use a GPS-enabled map function that Defendants build into the Uber app. Among other things, this map function does the following:

a. Shows Uber drivers real-time "heat maps" of where demand for rides is highest at a given time;

b. Shows Uber drivers the starting points of their assigned rides;

c. Shows Uber drivers the destinations of their assigned rides;

d. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow in order to pick up their assigned rides; and

e. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow from pickup to destination.

13) Scott Freeland was hired and/or retained by Defendants despite previously having pled guilty in 2021 to MCA § 45-5-206(1)(a) - Partner or Family Member Assault, Causing Bodily Injury to Partner or Family Member - for grabbing a vehicle passenger by the throat after being asked to make a U-turn while driving a vehicle.

**GENERAL ALLEGATIONS: COLLISION**

14) On September 24, 2022, Scott Freeland was working for Defendants as an Uber driver.

15) Mr. Freeland had picked up a passenger from the airport to take her to a performance at Alberta Bair Theater in Billings, Montanan.

16) After arriving at the theater, Mr. Freeland parked the vehicle and assisted the passenger with unloading her bags.

17) Upon information and belief, once the passenger began to walk away, Mr. Freeland got back in his car and engaged in an altercation with another individual who approached his vehicle.

18) Upon information and belief, based on prior conflict between Mr. Freeland and this individual, the individual shot Mr. Freeland who then attempted to

drive away.

19) At approximately the same time and place, Yzaguirre was riding his bicycle southbound on 3rd Avenue North and North Broadway in Billings, Montana.

20) While driving his vehicle, Mr. Freeland lost control of his vehicle and crashed into Yzaguirre.

21) As a direct result of the impact, Yzaguirre flew to the ground and sustained severe personal injuries.

22) As a further direct result of the crash, Yzaguirre has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

**COUNT ONE**
**NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**

23) Plaintiff restates each and every allegation previously contained herein.

24) Defendants had a duty to hire, train, supervise, and/or retain persons fit for duties related to business operations.

25) Defendants breached their duty and were negligent in hiring, educating, training, supervising, and retaining Freeman.

26) Based upon Mr. Freeman's prior criminal history, propensity to engage in violent behavior, and propensity to engage in otherwise unsafe driving, Defendant Uber and/or Rasier failed to adequately hire, supervise, and/or monitor Mr. Freeman in that they:

(a) Failed to exercise reasonable care and due diligence when hiring Mr. Freeman;

(b) Failed to exercise reasonable care an due diligence when determining whether they would allow Mr. Freeman to operate a vehicle on Defendants' behalf;

(c) Failed to exercise reasonable care and due diligence in retaining Mr. Freeman; and

(d) Failed to adhere to Uber and/or Rasier's hiring policies for individuals with a history of violent crimes.

27) Defendants could reasonably foresee that Mr. Freeman posed a risk to passengers, other drivers, and pedestrians when carrying out his employment with Uber.

28) The negligent hiring, supervising, and/or retaining of Mr. Freeman was the proximate cause of the injuries sustained by Yzaguirre in this action.

## COUNT TWO
## VICARIOUS LIABILITY/NEGLIGENCE

29) Yzaguirre restates each and every allegation previously contained herein.

30) Mr. Freeland was an agent of Defendants, and Defendants, as Mr. Freeland's principle, retained control over Mr. Freeland and Mr. Freeland's work for Defendants, including Mr. Freeland's driving on the date of the crash.

31) As such, Defendants are vicariously liable for Mr. Freeland's negligent acts. *See Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 51, 360 Mont. 112, 252 P.3d 182.

32) Mr. Freeland's negligent acts, for which Defendants are vicariously liable, include failing to maintain control of his vehicle, endangering the life, limb and property of Yzaguirre, failing to avoid collision with Yzaguirre, and creating the dangerous criminal situation which ultimately resulted in the collision with Yzaguirre.

33) These negligent actions were the proximate cause of the injuries sustained by Yzaguirre in this action.

## REQUEST FOR RELIEF

**WHEREFORE,** Yzaguirre prays judgment against the Defendants as follows:

1. For special damages in a sum subject to proof at trial;
2. For general and compensatory damages in a sum subject to proof at trial;
3. For pre-judgment and post-judgment interest as permitted by law;
4. For his costs incurred in this suit; and
5. For such other and further relief as the Court deems just and proper.

DATED this 1st day of May, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a right by jury.

DATED this 1st day of May, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**Issued**

Michael N. Driggs
Ian P. Gillespie
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks St. Ste. 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>Plaintiff.<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br><br>Defendants. | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**AMENDED SUMMONS** |

THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT **RASIER, LLC.:**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiffs an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your

calculation of time. The answer or motion must be served on the plaintiffs or plaintiffs' attorney, if plaintiffs are represented by an attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court.

WITNESS my hand and seal of said Court, the April 24 day of 2024, 2024.

THIRTEENTH JUDICIAL DISTRICT COURT · YELLOWSTONE COUNTY · MONTANA · SEAL

CLERK OF THE DISTRICT COURT

By: Robyn Schierholt
Deputy Clerk

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/03/2024
CT Log Number 546353639

## Service of Process Transmittal Summary

**TO:** Gabriela Lopez, Paralegal
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** **Process Served in Montana**

**FOR:** Rasier-MT, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TJ YZAGUIRRE // To: Rasier-MT, LLC |
| **DOCUMENT(S) SERVED:** | Second Amended Complaint and Demand, Summons |
| **COURT/AGENCY:** | Yellowstone County Thirteenth District Court, MT<br>Case # DV562024483PI |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 09/24/2022 |
| **PROCESS SERVED ON:** | C T Corporation System, Missoula, MT |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/03/2024 at 14:48 |
| **JURISDICTION SERVED:** | Montana |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Michael N. Driggs<br>DRIGGS, BILLS & DAY, P.C.<br>910 Brooks Street, Suite 103<br>Missoula, MT 59801<br>801-363-9982 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/06/2024, Expected Purge Date: 05/11/2024<br><br>Image SOP<br><br>Email Notification, Claims Lit intake@uber.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3011 American Way<br>Missoula, MT 59808<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, May 3, 2024
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | RASIER, LLC |
| Case Number | DV-56-2024-483-PI |
| Jurisdiction | MT |

| Inserts | | |
|---|---|---|
| | | |

FILED
05/01/2024
Terry Halpin
CLERK
Yellowstone County District Cour
STATE OF MONTANA
By: Ronda Duncan
DV-56-2024-0000483-PI
Pardy, Thomas
6.00

Michael N. Driggs
Ian P. Gillespe
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks Street, Suite 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>**Plaintiff,**<br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br><br>**Defendants.** | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff TJ Yzaguirre, by and through Counsel, files this Complaint against Defendants Uber Technologies, Inc., Rasier, LLC , and Raiser-MT, LLC (collectively, "Defendants"), and alleges the follows:

//

## JURISDICTION AND VENUE

1) Jurisdiction is proper pursuant to MCA § 3-5-302.

2) Venue is proper pursuant to MCA § 25-2-122(1)(b).

## PARTIES

3) Plaintiff TJ Yzaguirre ("Yzaguirre") is a resident of Billings, MT. He currently resides at 4126 State Ave, Billings, MT 59101.

4) Defendant Uber Technologies, Inc. ("Defendant Uber") is a Delaware corporation, with its principal place of business in California.

5) Upon information and belief, Defendant Uber is a company authorized to conduct, and is conducting, business is Montana.

6) Defendant Rasier, LLC and Rasier-MT, LLC ("Defendants Rasier") is a wholly owned subsidiaries of Defendant Uber, are foreign corporations, with thier principal place of business in California. Defendants Rasier conducts business in Montana.

## GENERAL ALLEGATIONS: UBER/RASIER

7) Defendants operate a car service that provides drivers to customers on demand through a cell phone application, or "app," called Uber in cities around the world, including Billings, Montana.

8) The Uber app is free to download and install on a smartphone.

9) Through several forms of media, Defendants represent to passengers and the public that they subject their drivers to rigorous screening procedures prior to allowing them to drive for Defendants. Defendants state that drivers must clear several screenings.

10) Defendants also represent to customers that they continue to monitor the quality of its drivers on an ongoing basis through a rating system, and that drivers must pass an annual check to continue accessing the app.

11) Upon information and belief, Defendants have a policy relating to hiring and retaining individuals who have been charged or convicted of violent crimes and will refrain from hiring or retaining such individuals.

12) In order to drive for Defendants, drivers must use a GPS-enabled map function that Defendants build into the Uber app. Among other things, this map function does the following:

a. Shows Uber drivers real-time "heat maps" of where demand for rides is highest at a given time;

b. Shows Uber drivers the starting points of their assigned rides;

c. Shows Uber drivers the destinations of their assigned rides;

d. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow in order to pick up their assigned rides; and

e. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow from pickup to destination.

13) Scott Freeland was hired and/or retained by Defendants despite previously having pled guilty in 2021 to MCA § 45-5-206(1)(a) - Partner or Family Member Assault, Causing Bodily Injury to Partner or Family Member - for grabbing a vehicle passenger by the throat after being asked to make a U-turn while driving a vehicle.

**GENERAL ALLEGATIONS: COLLISION**

14) On September 24, 2022, Scott Freeland was working for Defendants as an Uber driver.

15) Mr. Freeland had picked up a passenger from the airport to take her to a performance at Alberta Bair Theater in Billings, Montanan.

16) After arriving at the theater, Mr. Freeland parked the vehicle and assisted the passenger with unloading her bags.

17) Upon information and belief, once the passenger began to walk away, Mr. Freeland got back in his car and engaged in an altercation with another individual who approached his vehicle.

18) Upon information and belief, based on prior conflict between Mr. Freeland and this individual, the individual shot Mr. Freeland who then attempted to

drive away.

19) At approximately the same time and place, Yzaguirre was riding his bicycle southbound on 3rd Avenue North and North Broadway in Billings, Montana.

20) While driving his vehicle, Mr. Freeland lost control of his vehicle and crashed into Yzaguirre.

21) As a direct result of the impact, Yzaguirre flew to the ground and sustained severe personal injuries.

22) As a further direct result of the crash, Yzaguirre has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT ONE
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

23) Plaintiff restates each and every allegation previously contained herein.

24) Defendants had a duty to hire, train, supervise, and/or retain persons fit for duties related to business operations.

25) Defendants breached their duty and were negligent in hiring, educating, training, supervising, and retaining Freeman.

26) Based upon Mr. Freeman's prior criminal history, propensity to engage in violent behavior, and propensity to engage in otherwise unsafe driving, Defendant Uber and/or Rasier failed to adequately hire, supervise, and/or monitor Mr. Freeman in that they:

(a) Failed to exercise reasonable care and due diligence when hiring Mr. Freeman;

(b) Failed to exercise reasonable care an due diligence when determining whether they would allow Mr. Freeman to operate a vehicle on Defendants' behalf;

(c) Failed to exercise reasonable care and due diligence in retaining Mr. Freeman; and

(d) Failed to adhere to Uber and/or Rasier's hiring policies for individuals with a history of violent crimes.

27) Defendants could reasonably foresee that Mr. Freeman posed a risk to passengers, other drivers, and pedestrians when carrying out his employment with Uber.

28) The negligent hiring, supervising, and/or retaining of Mr. Freeman was the proximate cause of the injuries sustained by Yzaguirre in this action.

**COUNT TWO**
**VICARIOUS LIABILITY/NEGLIGENCE**

29) Yzaguirre restates each and every allegation previously contained herein.

30) Mr. Freeland was an agent of Defendants, and Defendants, as Mr. Freeland's principle, retained control over Mr. Freeland and Mr. Freeland's work for Defendants, including Mr. Freeland's driving on the date of the crash.

31) As such, Defendants are vicariously liable for Mr. Freeland's negligent acts. *See Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 51, 360 Mont. 112, 252 P.3d 182.

32) Mr. Freeland's negligent acts, for which Defendants are vicariously liable, include failing to maintain control of his vehicle, endangering the life, limb and property of Yzaguirre, failing to avoid collision with Yzaguirre, and creating the dangerous criminal situation which ultimately resulted in the collision with Yzaguirre.

33) These negligent actions were the proximate cause of the injuries sustained by Yzaguirre in this action.

**REQUEST FOR RELIEF**

**WHEREFORE,** Yzaguirre prays judgment against the Defendants as follows:

1. For special damages in a sum subject to proof at trial;

2. For general and compensatory damages in a sum subject to proof at trial;

3. For pre-judgment and post-judgment interest as permitted by law;

4. For his costs incurred in this suit; and

5. For such other and further relief as the Court deems just and proper.

DATED this 1st day of May, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a right by jury.

DATED this 1st day of May, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**Issued**

Michael N. Driggs
Ian P. Gillespie
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks St. Ste. 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>Plaintiff.<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br><br>Defendants. | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SUMMONS** |

THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT **RASIER-MT LLC:**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiffs an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your

calculation of time. The answer or motion must be served on the plaintiffs or plaintiffs' attorney, if plaintiffs are represented by an attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court.

WITNESS my hand and seal of said Court, the _____ day of May 1, 2024 ________, 2024.

CLERK OF THE DISTRICT COURT

By: ______________________________
Deputy Clerk

FILED
04/23/2024
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Ronda Duncan
DV-56-2024-0000483-PI
Pardy, Thomas
1.00

Michael N. Driggs
Ian P. Gillespe
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks Street, Suite 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>**Plaintiff,**<br>v.<br><br>UBER TECHNOLOGIES, INC., RAISER, LLC, and DOES 1 – 5,<br><br>**Defendants.** | **Dept. No.** Thomas Pardy<br><br>**Cause No.** DV-56-2024-0000483-PI<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff TJ Yzaguirre, by and through Counsel, files this Complaint against Defendants Uber Technologies, Inc. and Raiser, LLC (collectively, "Defendants"), and alleges the follows:

//

## JURISDICTION AND VENUE

1) Jurisdiction is proper pursuant to MCA § 3-5-302.

2) Venue is proper pursuant to MCA § 25-2-122(1)(b).

## PARTIES

3) Plaintiff TJ Yzaguirre ("Yzaguirre") is a resident of Billings, MT. He currently resides at 4126 State Ave, Billings, MT 59101.

4) Defendant Uber Technologies, Inc. ("Defendant Uber") is a Delaware corporation, with its principal place of business in California.

5) Upon information and belief, Defendant Uber is a company authorized to conduct, and is conducting, business is Montana.

6) Defendant Raiser, LLC ("Defendant Raiser") is a wholly owned subsidiary of Defendant Uber, and is a Delaware corporation, with its principal place of business in California. Defendant Raiser conducts business in Montana.

## GENERAL ALLEGATIONS: UBER/RAISER

7) Defendants operate a car service that provides drivers to customers on demand through a cell phone application, or "app," called Uber in cities around the world, including Billings, Montana.

8) The Uber app is free to download and install on a smartphone.

9) Through several forms of media, Defendants represent to passengers and the public that they subject their drivers to rigorous screening procedures prior to allowing them to drive for Defendants. Defendants state that drivers must clear several screenings.

10) Defendants also represent to customers that they continue to monitor the quality of its drivers on an ongoing basis through a rating system, and that drivers must pass an annual check to continue accessing the app.

11) Upon information and belief, Defendants have a policy relating to hiring and retaining individuals who have been charged or convicted of violent crimes and will refrain from hiring or retaining such individuals.

12) In order to drive for Defendants, drivers must use a GPS-enabled map function that Defendants build into the Uber app. Among other things, this map function does the following:

a. Shows Uber drivers real-time "heat maps" of where demand for rides is highest at a given time;

b. Shows Uber drivers the starting points of their assigned rides;

c. Shows Uber drivers the destinations of their assigned rides;

d. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow in order to pick up their assigned rides; and

e. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow from pickup to destination.

13) Scott Freeland was hired and/or retained by Uber despite previously having pled guilty in 2021 to MCA § 45-5-206(1)(a) - Partner or Family Member Assault, Causing Bodily Injury to Partner or Family Member - for grabbing a vehicle passenger by the throat after being asked to make a U-turn while driving a vehicle.

## GENERAL ALLEGATIONS: COLLISION

14) On September 24, 2022, Scott Freeland was working for Defendants as an Uber driver.

15) Mr. Freeland had picked up a passenger from the airport to take her to a performance at Alberta Bair Theater in Billings, Montanan.

16) After arriving at the theater, Mr. Freeland parked the vehicle and assisted the passenger with unloading her bags.

17) Upon information and belief, once the passenger began to walk away, Mr. Freeland got back in his car and engaged in an altercation with another individual who approached his vehicle.

18) Upon information and belief, based on prior conflict between Mr. Freeland and this individual, the individual shot Mr. Freeland who then attempted to drive away.

19) At approximately the same time and place, Yzaguirre was riding his bicycle southbound on 3rd Avenue North and North Broadway in Billings, Montana.

20) While driving his vehicle, Mr. Freeland lost control of his vehicle and crashed into Yzaguirre.

21) As a direct result of the impact, Yzaguirre flew to the ground and sustained severe personal injuries.

22) As a further direct result of the crash, Yzaguirre has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT ONE
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

23) Plaintiff restates each and every allegation previously contained herein.

24) Defendants Uber and/or Raiser had a duty to hire, train, supervise, and/or retain persons fit for duties related to business operations.

25) Defendants Uber and/or Raiser breached their duty and was negligent in hiring, educating, training, supervising, and retaining Defendant Freeman.

26) Based upon Mr. Freeman's prior criminal history, propensity to engage in violent behavior, and propensity to engage in otherwise unsafe driving, Defendant

Uber and/or Raiser failed to adequately hire, supervise, and/or monitor Mr. Freeman in that they:

(a) Failed to exercise reasonable care and due diligence when hiring Mr. Freeman;

(b) Failed to exercise reasonable care an due diligence when determining whether they would allow Mr. Freeman to operate a vehicle on Defendants' behalf;

(c) Failed to exercise reasonable care and due diligence in retaining Mr. Freeman; and

(d) Failed to adhere to Uber and/or Raiser's hiring policies for individuals with a history of violent crimes.

27) Defendants Uber and/or Raiser could reasonably foresee that Mr. Freeman posed a risk to passengers, other drivers, and pedestrians when carrying out his employment with Uber.

28) The negligent hiring, supervising, and/or retaining of Mr. Freeman was the proximate cause of the injuries sustained by Yzaguirre in this action.

//

## COUNT TWO
## VICARIOUS LIABILITY/NEGLIGENCE

29) Yzaguirre restates each and every allegation previously contained herein.

30) Mr. Freeland was an agent of Defendants, and Defendants, as Mr. Freeland's principle, retained control over Mr. Freeland and Mr. Freeland's work for Defendants, including Mr. Freeland's driving on the date of the crash.

31) As such, Defendants are vicariously liable for Mr. Freeland's negligent acts. *See Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 51, 360 Mont. 112, 252 P.3d 182.

32) Mr. Freeland's negligent acts, for which Defendants are vicariously liable, include failing to maintain control of his vehicle, endangering the life, limb and property of Yzaguirre, failing to avoid collision with Yzaguirre, and creating the dangerous criminal situation which ultimately resulted in the collision with Yzaguirre.

33) These negligent actions were the proximate cause of the injuries sustained by Yzaguirre in this action.

## REQUEST FOR RELIEF

**WHEREFORE,** Yzaguirre prays judgment against the Defendants as follows:

1. For special damages in a sum subject to proof at trial;

2. For general and compensatory damages in a sum subject to proof at trial;

3. For pre-judgment and post-judgment interest as permitted by law;

4. For his costs incurred in this suit; and

5. For such other and further relief as the Court deems just and proper.

DATED this 23rd day of April, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Michael N. Driggs*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a right by jury.

DATED this 23rd day of April, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Michael N. Driggs*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**Issued**

Michael N. Driggs
Ian P. Gillespie
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks St. Ste. 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>Plaintiff.<br><br>v.<br><br>UBER TECHNOLOGIES, INC., and RAISER, LLC.,<br><br>Defendants. | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SUMMONS** |

THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT **RAISER, LLC.:**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiffs an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the plaintiffs or

plaintiffs' attorney, if plaintiffs are represented by an attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court.

WITNESS my hand and seal of said Court, the _____ day of ________, 2024. April 23, 2024

THIRTEENTH JUDICIAL DISTRICT COURT
YELLOWSTONE COUNTY
SEAL
MONTANA

CLERK OF THE DISTRICT COURT

By: ______________________________
Deputy Clerk

# Issued

Michael N. Driggs
Ian P. Gillespie
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks St. Ste. 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>Plaintiff.<br><br>v.<br><br>UBER TECHNOLOGIES, INC., and RAISER, LLC.,<br><br>Defendants. | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SUMMONS** |

THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT **UBER TECHNOLOGIES, INC.:**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiffs an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer or motion must be served on the plaintiffs or

plaintiffs' attorney, if plaintiffs are represented by an attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court.

WITNESS my hand and seal of said Court, the April 23, 2024 day of, ________, 2024.

THIRTEENTH JUDICIAL DISTRICT COURT · YELLOWSTONE COUNTY · SEAL MONTANA

CLERK OF THE DISTRICT COURT

By: ______________________________
Deputy Clerk

FILED
04/24/2024
*Terry Halpin*
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Robyn Schierholt
DV-56-2024-0000483-PI
Pardy, Thomas
4.00

Michael N. Driggs
Ian P. Gillespe
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks Street, Suite 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>**Plaintiff,**<br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br><br>**Defendants.** | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff TJ Yzaguirre, by and through Counsel, files this Complaint against Defendants Uber Technologies, Inc. and Rasier, LLC (collectively, "Defendants"), and alleges the follows:

//

## JURISDICTION AND VENUE

1) Jurisdiction is proper pursuant to MCA § 3-5-302.

2) Venue is proper pursuant to MCA § 25-2-122(1)(b).

## PARTIES

3) Plaintiff TJ Yzaguirre ("Yzaguirre") is a resident of Billings, MT. He currently resides at 4126 State Ave, Billings, MT 59101.

4) Defendant Uber Technologies, Inc. ("Defendant Uber") is a Delaware corporation, with its principal place of business in California.

5) Upon information and belief, Defendant Uber is a company authorized to conduct, and is conducting, business is Montana.

6) Defendant Rasier, LLC and Rasier-MT, LLC ("Defendants Rasier") is a wholly owned subsidiaries of Defendant Uber, are foreign corporations, with thier principal place of business in California. Defendants Rasier conducts business in Montana.

## GENERAL ALLEGATIONS: UBER/RASIER

7) Defendants operate a car service that provides drivers to customers on demand through a cell phone application, or "app," called Uber in cities around the world, including Billings, Montana.

8) The Uber app is free to download and install on a smartphone.

9) Through several forms of media, Defendants represent to passengers and the public that they subject their drivers to rigorous screening procedures prior to allowing them to drive for Defendants. Defendants state that drivers must clear several screenings.

10) Defendants also represent to customers that they continue to monitor the quality of its drivers on an ongoing basis through a rating system, and that drivers must pass an annual check to continue accessing the app.

11) Upon information and belief, Defendants have a policy relating to hiring and retaining individuals who have been charged or convicted of violent crimes and will refrain from hiring or retaining such individuals.

12) In order to drive for Defendants, drivers must use a GPS-enabled map function that Defendants build into the Uber app. Among other things, this map function does the following:

a. Shows Uber drivers real-time "heat maps" of where demand for rides is highest at a given time;

b. Shows Uber drivers the starting points of their assigned rides;

c. Shows Uber drivers the destinations of their assigned rides;

d. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow in order to pick up their assigned rides; and

e. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow from pickup to destination.

13) Scott Freeland was hired and/or retained by Defendants despite previously having pled guilty in 2021 to MCA § 45-5-206(1)(a) - Partner or Family Member Assault, Causing Bodily Injury to Partner or Family Member - for grabbing a vehicle passenger by the throat after being asked to make a U-turn while driving a vehicle.

**GENERAL ALLEGATIONS: COLLISION**

14) On September 24, 2022, Scott Freeland was working for Defendants as an Uber driver.

15) Mr. Freeland had picked up a passenger from the airport to take her to a performance at Alberta Bair Theater in Billings, Montanan.

16) After arriving at the theater, Mr. Freeland parked the vehicle and assisted the passenger with unloading her bags.

17) Upon information and belief, once the passenger began to walk away, Mr. Freeland got back in his car and engaged in an altercation with another individual who approached his vehicle.

18) Upon information and belief, based on prior conflict between Mr. Freeland and this individual, the individual shot Mr. Freeland who then attempted to

drive away.

19) At approximately the same time and place, Yzaguirre was riding his bicycle southbound on 3rd Avenue North and North Broadway in Billings, Montana.

20) While driving his vehicle, Mr. Freeland lost control of his vehicle and crashed into Yzaguirre.

21) As a direct result of the impact, Yzaguirre flew to the ground and sustained severe personal injuries.

22) As a further direct result of the crash, Yzaguirre has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

**COUNT ONE**
**NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**

23) Plaintiff restates each and every allegation previously contained herein.

24) Defendants had a duty to hire, train, supervise, and/or retain persons fit for duties related to business operations.

25) Defendants breached their duty and were negligent in hiring, educating, training, supervising, and retaining Freeman.

26) Based upon Mr. Freeman's prior criminal history, propensity to engage in violent behavior, and propensity to engage in otherwise unsafe driving, Defendant Uber and/or Rasier failed to adequately hire, supervise, and/or monitor Mr. Freeman in that they:

(a) Failed to exercise reasonable care and due diligence when hiring Mr. Freeman;

(b) Failed to exercise reasonable care an due diligence when determining whether they would allow Mr. Freeman to operate a vehicle on Defendants' behalf;

(c) Failed to exercise reasonable care and due diligence in retaining Mr. Freeman; and

(d) Failed to adhere to Uber and/or Rasier's hiring policies for individuals with a history of violent crimes.

27) Defendants could reasonably foresee that Mr. Freeman posed a risk to passengers, other drivers, and pedestrians when carrying out his employment with Uber.

28) The negligent hiring, supervising, and/or retaining of Mr. Freeman was the proximate cause of the injuries sustained by Yzaguirre in this action.

## COUNT TWO
## VICARIOUS LIABILITY/NEGLIGENCE

29) Yzaguirre restates each and every allegation previously contained herein.

30) Mr. Freeland was an agent of Defendants, and Defendants, as Mr. Freeland's principle, retained control over Mr. Freeland and Mr. Freeland's work for Defendants, including Mr. Freeland's driving on the date of the crash.

31) As such, Defendants are vicariously liable for Mr. Freeland's negligent acts. *See Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 51, 360 Mont. 112, 252 P.3d 182.

32) Mr. Freeland's negligent acts, for which Defendants are vicariously liable, include failing to maintain control of his vehicle, endangering the life, limb and property of Yzaguirre, failing to avoid collision with Yzaguirre, and creating the dangerous criminal situation which ultimately resulted in the collision with Yzaguirre.

33) These negligent actions were the proximate cause of the injuries sustained by Yzaguirre in this action.

## REQUEST FOR RELIEF

**WHEREFORE,** Yzaguirre prays judgment against the Defendants as follows:

1. For special damages in a sum subject to proof at trial;
2. For general and compensatory damages in a sum subject to proof at trial;
3. For pre-judgment and post-judgment interest as permitted by law;
4. For his costs incurred in this suit; and
5. For such other and further relief as the Court deems just and proper.

DATED this 24th day of April 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a right by jury.

DATED this 24th day of April 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**Issued**

Michael N. Driggs
Ian P. Gillespie
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks St. Ste. 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br>Plaintiff.<br>v.<br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br>Defendants. | Cause No. DV-56-2024-483-PI<br>Hon. Thomas Pardy<br>**AMENDED SUMMONS** |

THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT **RASIER, LLC.:**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiffs an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your

calculation of time. The answer or motion must be served on the plaintiffs or plaintiffs' attorney, if plaintiffs are represented by an attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court.

WITNESS my hand and seal of said Court, the April 24, 2024 day of ________, 2024.

THIRTEENTH JUDICIAL DISTRICT COURT · YELLOWSTONE COUNTY · SEAL MONTANA

CLERK OF THE DISTRICT COURT

By: Robyn Schierholt
Deputy Clerk

FILED
05/01/2024
Terry Halpin
CLERK
Yellowstone County District Cour
STATE OF MONTANA
By: Ronda Duncan
DV-56-2024-0000483-PI
Pardy, Thomas
6.00

Michael N. Driggs
Ian P. Gillespe
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks Street, Suite 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>**Plaintiff,**<br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br><br>**Defendants.** | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff TJ Yzaguirre, by and through Counsel, files this Complaint against Defendants Uber Technologies, Inc., Rasier, LLC , and Raiser-MT, LLC (collectively, "Defendants"), and alleges the follows:

//

## JURISDICTION AND VENUE

1) Jurisdiction is proper pursuant to MCA § 3-5-302.

2) Venue is proper pursuant to MCA § 25-2-122(1)(b).

## PARTIES

3) Plaintiff TJ Yzaguirre ("Yzaguirre") is a resident of Billings, MT. He currently resides at 4126 State Ave, Billings, MT 59101.

4) Defendant Uber Technologies, Inc. ("Defendant Uber") is a Delaware corporation, with its principal place of business in California.

5) Upon information and belief, Defendant Uber is a company authorized to conduct, and is conducting, business is Montana.

6) Defendant Rasier, LLC and Rasier-MT, LLC ("Defendants Rasier") is a wholly owned subsidiaries of Defendant Uber, are foreign corporations, with thier principal place of business in California. Defendants Rasier conducts business in Montana.

## GENERAL ALLEGATIONS: UBER/RASIER

7) Defendants operate a car service that provides drivers to customers on demand through a cell phone application, or "app," called Uber in cities around the world, including Billings, Montana.

8) The Uber app is free to download and install on a smartphone.

9) Through several forms of media, Defendants represent to passengers and the public that they subject their drivers to rigorous screening procedures prior to allowing them to drive for Defendants. Defendants state that drivers must clear several screenings.

10) Defendants also represent to customers that they continue to monitor the quality of its drivers on an ongoing basis through a rating system, and that drivers must pass an annual check to continue accessing the app.

11) Upon information and belief, Defendants have a policy relating to hiring and retaining individuals who have been charged or convicted of violent crimes and will refrain from hiring or retaining such individuals.

12) In order to drive for Defendants, drivers must use a GPS-enabled map function that Defendants build into the Uber app. Among other things, this map function does the following:

a. Shows Uber drivers real-time "heat maps" of where demand for rides is highest at a given time;

b. Shows Uber drivers the starting points of their assigned rides;

c. Shows Uber drivers the destinations of their assigned rides;

d. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow in order to pick up their assigned rides; and

e. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow from pickup to destination.

13) Scott Freeland was hired and/or retained by Defendants despite previously having pled guilty in 2021 to MCA § 45-5-206(1)(a) - Partner or Family Member Assault, Causing Bodily Injury to Partner or Family Member - for grabbing a vehicle passenger by the throat after being asked to make a U-turn while driving a vehicle.

## GENERAL ALLEGATIONS: COLLISION

14) On September 24, 2022, Scott Freeland was working for Defendants as an Uber driver.

15) Mr. Freeland had picked up a passenger from the airport to take her to a performance at Alberta Bair Theater in Billings, Montanan.

16) After arriving at the theater, Mr. Freeland parked the vehicle and assisted the passenger with unloading her bags.

17) Upon information and belief, once the passenger began to walk away, Mr. Freeland got back in his car and engaged in an altercation with another individual who approached his vehicle.

18) Upon information and belief, based on prior conflict between Mr. Freeland and this individual, the individual shot Mr. Freeland who then attempted to

drive away.

19) At approximately the same time and place, Yzaguirre was riding his bicycle southbound on 3rd Avenue North and North Broadway in Billings, Montana.

20) While driving his vehicle, Mr. Freeland lost control of his vehicle and crashed into Yzaguirre.

21) As a direct result of the impact, Yzaguirre flew to the ground and sustained severe personal injuries.

22) As a further direct result of the crash, Yzaguirre has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT ONE
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

23) Plaintiff restates each and every allegation previously contained herein.

24) Defendants had a duty to hire, train, supervise, and/or retain persons fit for duties related to business operations.

25) Defendants breached their duty and were negligent in hiring, educating, training, supervising, and retaining Freeman.

26) Based upon Mr. Freeman's prior criminal history, propensity to engage in violent behavior, and propensity to engage in otherwise unsafe driving, Defendant Uber and/or Rasier failed to adequately hire, supervise, and/or monitor Mr. Freeman in that they:

(a) Failed to exercise reasonable care and due diligence when hiring Mr. Freeman;

(b) Failed to exercise reasonable care an due diligence when determining whether they would allow Mr. Freeman to operate a vehicle on Defendants' behalf;

(c) Failed to exercise reasonable care and due diligence in retaining Mr. Freeman; and

(d) Failed to adhere to Uber and/or Rasier's hiring policies for individuals with a history of violent crimes.

27) Defendants could reasonably foresee that Mr. Freeman posed a risk to passengers, other drivers, and pedestrians when carrying out his employment with Uber.

28) The negligent hiring, supervising, and/or retaining of Mr. Freeman was the proximate cause of the injuries sustained by Yzaguirre in this action.

## COUNT TWO
## VICARIOUS LIABILITY/NEGLIGENCE

29) Yzaguirre restates each and every allegation previously contained herein.

30) Mr. Freeland was an agent of Defendants, and Defendants, as Mr. Freeland's principle, retained control over Mr. Freeland and Mr. Freeland's work for Defendants, including Mr. Freeland's driving on the date of the crash.

31) As such, Defendants are vicariously liable for Mr. Freeland's negligent acts. *See Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 51, 360 Mont. 112, 252 P.3d 182.

32) Mr. Freeland's negligent acts, for which Defendants are vicariously liable, include failing to maintain control of his vehicle, endangering the life, limb and property of Yzaguirre, failing to avoid collision with Yzaguirre, and creating the dangerous criminal situation which ultimately resulted in the collision with Yzaguirre.

33) These negligent actions were the proximate cause of the injuries sustained by Yzaguirre in this action.

## REQUEST FOR RELIEF

**WHEREFORE,** Yzaguirre prays judgment against the Defendants as follows:

1. For special damages in a sum subject to proof at trial;
2. For general and compensatory damages in a sum subject to proof at trial;
3. For pre-judgment and post-judgment interest as permitted by law;
4. For his costs incurred in this suit; and
5. For such other and further relief as the Court deems just and proper.

DATED this 1st day of May, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a right by jury.

DATED this 1st day of May, 2024

**DRIGGS, BILLS & DAY P.C.**

*/s/ Ian P. Gillespie*
Michael N. Driggs
Ian P. Gillespie
*Attorneys for Plaintiff*

**Issued**

Michael N. Driggs
Ian P. Gillespie
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks St. Ste. 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT**
**YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>Plaintiff.<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1 – 5,<br><br>Defendants. | Cause No. DV-56-2024-483-PI<br><br>Hon. Thomas Pardy<br><br>**SUMMONS** |

THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT **RASIER-MT LLC:**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiffs an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your

calculation of time. The answer or motion must be served on the plaintiffs or plaintiffs' attorney, if plaintiffs are represented by an attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court.

May 1, 2024

WITNESS my hand and seal of said Court, the _____ day of ________, 2024.

CLERK OF THE DISTRICT COURT

By: ________________________________

Deputy Clerk

FILED
05/24/2024
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Robyn Schierholt
DV-56-2024-0000483-PI
Pardy, Thomas
8.00

Dale R. Cockrell
Eric M. Brooks
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
PO Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Email: dcockrell@mcgalaw.com
ebrooks@mcgalaw.com

*Attorneys for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-MT, LLC*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT,
YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1-5,<br><br>Defendants. | Cause No. DV-56-2024-0000483-PI<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC.'S, RASIER, LLC'S, AND RASIER-MT, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants Uber Technologies, Inc. ("Uber"), Rasier, LLC ("Rasier"), and Rasier-MT, LLC ("Rasier-MT") (collectively, "Defendants"), for their answer to the Plaintiff's *Second Amended Complaint and Demand for Jury Trial* (Doc. 6) ("Second Amended Complaint") admit, deny, and allege as follows:

The numbered paragraphs below correspond with the same numbered paragraphs in Plaintiff's Second Amended Complaint. Any allegation in Plaintiff's Second Amended Complaint not specifically admitted, denied, or otherwise answered below, is hereby denied.

## JURISDICTION AND VENUE

1. Defendants admit the allegations of this paragraph.

2. Defendants admit venue for this matter is proper in the Montana Thirteenth Judicial District Court, Yellowstone County.

**PARTIES**

3. Defendants are without sufficient information or knowledge to form a belief as to the truth of these allegations and therefore deny the same.

4. Defendants admit the allegations of this paragraph.

5. Defendants admit the allegations of this paragraph.

6. Defendants admit that Defendant Rasier-MT is a foreign limited liability company doing business in the State of Montana, with its principal place of business in the State of California, and is a wholly owned subsidiary of Defendant Uber. Defendants admit that Defendant Rasier is a foreign limited liability company doing business in the State of Montana, with its principal place of business in the State of California, and is a wholly owned subsidiary of Defendant Uber. Defendants deny the remaining allegations of this paragraph.

**GENERAL ALLEGATIONS: UBER/RASIER**

7. Defendants admit that Defendant Uber is a technology company that uses its proprietary technology to develop and maintain digital multi-sided platforms. Uber, through its multi-sided platforms, provides users with various services, including lead generation and facilitating payment processing. Uber's most well-known and widely used multi-sided platform is the Rides platform. Riders download the application "Uber - Request a ride" ("the Rider App") and drivers download the application "Uber - Driver: Drive & Deliver" ("the Driver App") (collectively, "the Apps"). Together, the Apps allow users to access the platform that facilitates the connection of individuals seeking transportation with individuals willing to provide

transportation. Rasier sublicenses the Driver App to Rasier-MT, which then sublicenses the Driver App to independent drivers. Defendants deny the remaining allegations of this paragraph.

8. Defendants admit that both the Rider App and the Driver App may be downloaded by users onto a smartphone at no cost to the user.

9. Defendants admits that Defendant Uber has a webpage at https://www.uber.com/us/en/ride/safety/driver-screening/ (last accessed May 24, 2024) that contains statements regarding the screening of independent drivers that wish to utilize the Driver App. Defendants aver that this webpage speaks for itself and is the best evidence of its own contents, and deny the allegations of this paragraph to the extent they are inconsistent with this webpage. If the allegations of this paragraph are intended to refer to other or different alleged statements by Defendants, the allegations of this paragraph do not reasonably specify to what alleged statements they are referring and Defendants are without sufficient information or knowledge to form a belief as to the truth of these allegations and therefore deny the same.

10. Defendants admit that Defendant Uber has a webpage at https://www.uber.com/us/en/ride/safety/driver-screening/ (last accessed May 24, 2024) that contains statements regarding the screening of independent driver that wish to utilize the Driver App. Defendants aver that this webpage speaks for itself and is the best evidence of its own contents, and deny the allegations of this paragraph to the extent they are inconsistent with this webpage. If the allegations of this paragraph are intended to refer to other or different alleged statements by Defendants, the allegations of this paragraph do not reasonably specify to what alleged statements they are referring and Defendants are without sufficient information or knowledge to form a belief as to the truth of these allegations and therefore deny the same.

11. Defendants understand the allegations of this paragraph to be referring to individuals utilizing the Driver App. Defendants have no policy regarding the hiring or retaining of individuals utilizing the Driver App "who have been charged or convicted of violent crimes" because individuals utilizing the Driver App are independent drivers, i.e., independent contractors, who have not by utilizing the Driver App been either hired or retained by Defendants. Defendants therefore deny the allegations of this paragraph.

12. Defendants admit the Driver App has built-in GPS navigation. Defendants deny the allegation that "drivers must use a GPS-enabled map function that Defendants build into the Uber app." Defendants affirmatively allege that individuals utilizing the Driver App have the option to use third-party apps for navigation and have the option to take alternative routes other than the route displayed by the Driver App. Defendants admit that the Driver App has a "heat map" feature, which is provided for informational purposes only, that displays different color intensities to indicate areas of low, high, and surging demand for rides. Defendants admit that the built-in GPS navigation in the Driver App can display the independent driver's starting/current location, the location of a prospective rider, and a route between the two locations. Defendants deny the remaining allegations of this paragraph.

13. As to the portion of this paragraph concerning "Scott Freeland was hired and/or retained by Defendants," Defendants deny those allegations. As to the remainder of the allegations of this paragraph, Defendants are without sufficient information or knowledge to form a belief as to those allegations and therefore, deny the remaining allegations of this paragraph.

**GENERAL ALLEGATIONS: COLLISION**

14. Defendants deny the allegations of this paragraph, including but not limited to denying the allegation that Mr. Freeland ever was "working" for Defendants. Defendants admit

that for a period of time on September 24, 2022, Mr. Freeland was utilizing the Driver App as an independent driver.

15. Defendants admit the allegations of this paragraph on information and belief.

16. Defendants admit the allegations of this paragraph on information and belief.

17. Defendants admit, on information and belief that Mr. Freeland got back into his car once the passenger began to walk away; admit, on information and belief, that another individual, Mr. Terrell Seminole, approached Mr. Freeland's vehicle; and deny, on information and belief, the remaining allegations of this paragraph.

18. Defendants admit, on information and belief, that Mr. Seminole wrongfully shot Mr. Freeland with a firearm. Defendants deny, on information and belief, the remaining allegations of this paragraph.

19. Defendants are without sufficient information or knowledge to form a belief as to the truth of those allegations and therefore deny the same.

20. Defendants aver, on information and belief, that Mr. Seminole severed Mr. Freeland's spine by wrongfully shooting him with a firearm, causing Mr. Freeland's vehicle to hit Mr. Yzaguirre. Defendants deny the remaining allegations of this paragraph if any.

21. Defendants are without sufficient information or knowledge to form a belief as to the truth of those allegations and therefore deny the same.

22. Defendants are without sufficient information or knowledge to form a belief as to the truth of those allegations and therefore deny the same.

## COUNT ONE
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

23. Defendants re-state, re-allege and incorporate their responses to paragraphs 1-22 as if fully set forth herein.

24. Defendants aver this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph to the extent they are inconsistent with Montana law.

25. Defendants aver this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

26. Defendants aver this paragraph contains legal conclusions and are arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

27. Defendants aver this paragraph contains legal conclusions and are arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

28. Defendants aver this paragraph contains legal conclusions and are arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## COUNT TWO
## VICARIOUS LIABILITY/NEGLIGENCE

29. Defendants re-state, re-allege and incorporate their responses to paragraphs 1-28 as if fully set forth herein.

30. Defendants aver this paragraph contains legal conclusions and are arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

31. Defendants aver this paragraph contains legal conclusions and are arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

32. Defendants aver this paragraph contains legal conclusions and are arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

33. Defendants aver this paragraph contains legal conclusions and are arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

## DEFENSES

Without conceding that they have the burden of proof as to any of these matters, based upon the information currently available to them, Defendants upon good faith, information, and belief assert the following defenses. If investigation or discovery reveals that the following defenses are not supported by an appropriate basis in law or fact, the defenses will be withdrawn.

1. Plaintiff's Second Amended Complaint, or portions of it, fails to state a claim upon which relief can be granted.

2. Defendants did not directly or indirectly perform any acts whatsoever which constitute a violation of duties owed to Plaintiff, if any, nor breach any duty owed to the Plaintiff.

3. Defendants did not owe any applicable duty to Plaintiff.

4. Mr. Freeland did not owe any applicable duty to Plaintiff.

5. Defendants' actions were not the proximate or substantial cause of the injuries alleged in Plaintiff's Complaint.

6. Mr. Freeland's actions were not the proximate or substantial cause of the injuries

alleged in Plaintiff's Complaint.

7. Plaintiff's injuries and damages, if any, were caused by the actions of persons or entities other than the Defendants, including but not limited to Mr. Seminole, over whom Defendants have no control.

8. To the extent Plaintiff has failed to mitigate his damages, any claim or recovery against the Defendants is barred or should be reduced accordingly or diminished as provided in MCA §§ 27-1-701, -702, -703.

9. If liability is assessed in any respect, then the fault of all responsible persons or entities, whether parties or non-parties, including but not limited to Mr. Seminole and any settled or released persons or entities, must be evaluated and liability apportioned, including comparative fault, among all such persons and/or entities proportionate to their respective fault, in accordance with Montana law, including § 27-1-703, MCA.

10. If any loss, damage or injury sustained by the Plaintiff as alleged in the Second Amended Complaint was caused by or contributed to by Plaintiff's own acts of negligence, any claim or recovery against the Defendants may be barred or should be reduced accordingly or diminished as provided in MCA §§ 27-1-701, -702, -703.

11. Defendants' conduct conformed to the applicable standard of care.

12. Mr. Freeland's conduct conformed to the applicable standard of care.

13. To the extent permitted by Montana law, Defendants are entitled to an offset for any collateral source or third-party payments.

14. Plaintiff's alleged injuries were caused by the actions of Mr. Seminole and not by the actions of either Mr. Freeland or the Defendants.

15. Plaintiff's alleged injuries were caused by the unforeseeable independent

superseding and intervening action(s) of one or more third parties, including but not limited to Mr. Seminole, for which the Defendants are not liable.

16. Mr. Freeland was an independent contractor responsible for his own means and methods, thereby making the doctrines of agency, employment, partnership, joint enterprise, and/or respondeat superior inapplicable.

17. Mr. Freeland's in-operation of his motor vehicle after Mr. Seminole shot him, to the extent, if any, that he operated it, if any, was involuntary.

18. Defendants reserve the right to add those affirmative defenses which they deem necessary to the defense during or upon the conclusion of investigation and discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. The Second Amended Complaint be dismissed on its merits with prejudice;
2. Defendants be awarded their lawful costs of suit expended;
3. For such and further relief as this Court deems just and equitable.

**JURY DEMAND**

Defendants respectfully demand a trial by jury on all issues so triable.

DATED this 24th day of May, 2024.

MOORE, COCKRELL, GOICOECHEA
& JOHNSON, P.C.

____________________________
Dale R. Cockrell
Eric M. Brooks
PO Box 7370
Kalispell, MT 59904-0370
Email: dcockrell@mcgalaw.com
ebrooks@mcgalaw.com

*Attorneys for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-MT, LLC*

## CERTIFICATE OF SERVICE

I, Eric M. Brooks, hereby certify that I have served true and accurate copies of the foregoing Answer/Brief - Answer First Appearance to the following on 05-24-2024:

Ian Philip Gillespie (Attorney)
910 Brooks Street
Suite 103
Missoula MT 59801
Representing: TJ Yzaguirre
Service Method: eService

Electronically signed by Breanne Pritchett on behalf of Eric M. Brooks
Dated: 05-24-2024

FILED
05/24/2024
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Robyn Schierholt
DV-56-2024-0000483-PI
Pardy, Thomas
9.00

Dale R. Cockrell
Eric M. Brooks
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
PO Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Email: dcockrell@mcgalaw.com
ebrooks@mcgalaw.com

*Attorneys for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-MT, LLC*

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY**

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-MT, LLC, and DOES 1-5,<br><br>Defendants. | Cause No. DV-56-2024-0000483-PI<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC.'S, RASIER, LLC'S, AND RASIER-MT, LLC'S RULE 7.1 DISCLOSURE** |

Pursuant to Rule 7.1, M.R.Civ.P., Defendants Uber Technologies, Inc. ("Uber"), Rasier, LLC ("Rasier"), and Rasier-MT, LLC ("Rasier-MT") (collectively, "Defendants") certify as follows:

1. Uber is a publicly held corporation with no parent corporation. Furthermore, based solely on SEC filings regarding beneficial ownership of the stock of Uber, Uber is unaware of any shareholder who beneficially owns more than 10% of Uber's outstanding stock.

2. The following are parent companies, subsidiaries, affiliates, or companies which own at least 10% of the stock of Rasier which have any outstanding securities in the hands of the public:

   a. Rasier is a wholly owned subsidiary of Uber.

b. Uber is a publicly held corporation with no parent company.

c. Based solely on SEC filings regarding beneficial ownership of the stock of Uber, Uber is unaware of any shareholder who beneficially owns more than 10% of Uber's outstanding stock.

3. The following are parent companies, subsidiaries, affiliates, or companies which own at least 10% of the stock of Rasier-MT which have any outstanding securities in the hands of the public:

a. Rasier-MT is a wholly owned subsidiary of Raiser, which is a wholly owned subsidiary of Uber.

b. Uber is a publicly held corporation with no parent company.

c. Based solely on SEC filings regarding beneficial ownership of the stock of Uber, Uber is unaware of any shareholder who beneficially owns more than 10% of Uber's outstanding stock.

DATED this 24th day of May, 2024.

MOORE, COCKRELL, GOICOECHEA
& JOHNSON, P.C.

Dale R. Cockrell
Eric M. Brooks
PO Box 7370
Kalispell, MT 59904-0370
Email: dcockrell@mcgalaw.com
ebrooks@mcgalaw.com

*Attorneys for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-MT, LLC*

## CERTIFICATE OF SERVICE

I, Eric M. Brooks, hereby certify that I have served true and accurate copies of the foregoing Notice - Notice to the following on 05-24-2024:

Ian Philip Gillespie (Attorney)
910 Brooks Street
Suite 103
Missoula MT 59801
Representing: TJ Yzaguirre
Service Method: eService

Electronically signed by Breanne Pritchett on behalf of Eric M. Brooks
Dated: 05-24-2024