FILED
04/23/2024
*Terry Halpin*
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Ronda Duncan
DV-56-2024-0000483-PI
Pardy, Thomas
1.00

Michael N. Driggs
Ian P. Gillespe
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks Street, Suite 103
Missoula, MT 59801
Company Phone: 801-363-9982
Company Fax: 801-752-0607
michaeldriggs@advocates.com
igillespie@advocates.com
*Attorneys for Plaintiff*

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY

| | |
|---|---|
| TJ YZAGUIRRE,<br><br>**Plaintiff,**<br>v.<br><br>UBER TECHNOLOGIES, INC., RAISER, LLC, and DOES 1 – 5,<br><br>**Defendants.** | Dept. No. **Thomas Pardy**<br><br>Cause No. DV-56-2024-0000483-PI<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff TJ Yzaguirre, by and through Counsel, files this Complaint against Defendants Uber Technologies, Inc. and Raiser, LLC (collectively, "Defendants"), and alleges the follows:

//

## JURISDICTION AND VENUE

1) Jurisdiction is proper pursuant to MCA § 3-5-302.

2) Venue is proper pursuant to MCA § 25-2-122(1)(b).

## PARTIES

3) Plaintiff TJ Yzaguirre ("Yzaguirre") is a resident of Billings, MT. He currently resides at 4126 State Ave, Billings, MT 59101.

4) Defendant Uber Technologies, Inc. ("Defendant Uber") is a Delaware corporation, with its principal place of business in California.

5) Upon information and belief, Defendant Uber is a company authorized to conduct, and is conducting, business is Montana.

6) Defendant Raiser, LLC ("Defendant Raiser") is a wholly owned subsidiary of Defendant Uber, and is a Delaware corporation, with its principal place of business in California. Defendant Raiser conducts business in Montana.

## GENERAL ALLEGATIONS: UBER/RAISER

7) Defendants operate a car service that provides drivers to customers on demand through a cell phone application, or "app," called Uber in cities around the world, including Billings, Montana.

8) The Uber app is free to download and install on a smartphone.

9) Through several forms of media, Defendants represent to passengers and the public that they subject their drivers to rigorous screening procedures prior to allowing them to drive for Defendants. Defendants state that drivers must clear several screenings.

10) Defendants also represent to customers that they continue to monitor the quality of its drivers on an ongoing basis through a rating system, and that drivers must pass an annual check to continue accessing the app.

11) Upon information and belief, Defendants have a policy relating to hiring and retaining individuals who have been charged or convicted of violent crimes and will refrain from hiring or retaining such individuals.

12) In order to drive for Defendants, drivers must use a GPS-enabled map function that Defendants build into the Uber app. Among other things, this map function does the following:

    a. Shows Uber drivers real-time "heat maps" of where demand for rides is highest at a given time;

    b. Shows Uber drivers the starting points of their assigned rides;

    c. Shows Uber drivers the destinations of their assigned rides;

    d. Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow in order to pick up their assigned rides; and

e.  Directs Uber drivers, via turn-by-turn GPS directions, on the route to follow from pickup to destination.

13) Scott Freeland was hired and/or retained by Uber despite previously having pled guilty in 2021 to MCA § 45-5-206(1)(a) - Partner or Family Member Assault, Causing Bodily Injury to Partner or Family Member - for grabbing a vehicle passenger by the throat after being asked to make a U-turn while driving a vehicle.

## GENERAL ALLEGATIONS: COLLISION

14) On September 24, 2022, Scott Freeland was working for Defendants as an Uber driver.

15) Mr. Freeland had picked up a passenger from the airport to take her to a performance at Alberta Bair Theater in Billings, Montanan.

16) After arriving at the theater, Mr. Freeland parked the vehicle and assisted the passenger with unloading her bags.

17) Upon information and belief, once the passenger began to walk away, Mr. Freeland got back in his car and engaged in an altercation with another individual who approached his vehicle.

18) Upon information and belief, based on prior conflict between Mr. Freeland and this individual, the individual shot Mr. Freeland who then attempted to drive away.

19) At approximately the same time and place, Yzaguirre was riding his bicycle southbound on 3rd Avenue North and North Broadway in Billings, Montana.

20) While driving his vehicle, Mr. Freeland lost control of his vehicle and crashed into Yzaguirre.

21) As a direct result of the impact, Yzaguirre flew to the ground and sustained severe personal injuries.

22) As a further direct result of the crash, Yzaguirre has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

## COUNT ONE
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

23) Plaintiff restates each and every allegation previously contained herein.

24) Defendants Uber and/or Raiser had a duty to hire, train, supervise, and/or retain persons fit for duties related to business operations.

25) Defendants Uber and/or Raiser breached their duty and was negligent in hiring, educating, training, supervising, and retaining Defendant Freeman.

26) Based upon Mr. Freeman's prior criminal history, propensity to engage in violent behavior, and propensity to engage in otherwise unsafe driving, Defendant

Uber and/or Raiser failed to adequately hire, supervise, and/or monitor Mr. Freeman in that they:

    (a) Failed to exercise reasonable care and due diligence when hiring Mr. Freeman;

    (b) Failed to exercise reasonable care an due diligence when determining whether they would allow Mr. Freeman to operate a vehicle on Defendants' behalf;

    (c) Failed to exercise reasonable care and due diligence in retaining Mr. Freeman; and

    (d) Failed to adhere to Uber and/or Raiser's hiring policies for individuals with a history of violent crimes.

27) Defendants Uber and/or Raiser could reasonably foresee that Mr. Freeman posed a risk to passengers, other drivers, and pedestrians when carrying out his employment with Uber.

28) The negligent hiring, supervising, and/or retaining of Mr. Freeman was the proximate cause of the injuries sustained by Yzaguirre in this action.

//

## COUNT TWO
## VICARIOUS LIABILITY/NEGLIGENCE

29) Yzaguirre restates each and every allegation previously contained herein.

30) Mr. Freeland was an agent of Defendants, and Defendants, as Mr. Freeland's principle, retained control over Mr. Freeland and Mr. Freeland's work for Defendants, including Mr. Freeland's driving on the date of the crash.

31) As such, Defendants are vicariously liable for Mr. Freeland's negligent acts. *See Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 51, 360 Mont. 112, 252 P.3d 182.

32) Mr. Freeland's negligent acts, for which Defendants are vicariously liable, include failing to maintain control of his vehicle, endangering the life, limb and property of Yzaguirre, failing to avoid collision with Yzaguirre, and creating the dangerous criminal situation which ultimately resulted in the collision with Yzaguirre.

33) These negligent actions were the proximate cause of the injuries sustained by Yzaguirre in this action.

## REQUEST FOR RELIEF

**WHEREFORE,** Yzaguirre prays judgment against the Defendants as follows:

1. For special damages in a sum subject to proof at trial;

2. For general and compensatory damages in a sum subject to proof at trial;

3. For pre-judgment and post-judgment interest as permitted by law;

4. For his costs incurred in this suit; and

5. For such other and further relief as the Court deems just and proper.

DATED this 23rd day of April, 2024

              **DRIGGS, BILLS & DAY P.C.**

              */s/ Michael N. Driggs*
              Michael N. Driggs
              Ian P. Gillespie
              *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as a right by jury.

DATED this 23rd day of April, 2024

              **DRIGGS, BILLS & DAY P.C.**

              */s/ Michael N. Driggs*
              Michael N. Driggs
              Ian P. Gillespie
              *Attorneys for Plaintiff*